CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
APR 26 2005
JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| JERRY BEARD, | ) | CASE NO. 4:04CV00048 |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | | |

This challenge to a final decision of the Commissioner which denied plaintiff's claim for a period of disability, disability income benefits and supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423 and 1381 *et seq.*, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an order enter AFFIRMING the Commissioner's final decision, GRANTING judgment to the defendant and DISMISSING this case from the docket of the court.

In a decision eventually adopted as a final agency decision, an Administrative Law Judge (Law Judge) found that plaintiff, who had represented himself before the administration, met

1

the special earnings requirements of the Act through the date of his decision. (R. 22.) He also found that plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. (*Id.*) The Law Judge further determined that plaintiff suffered from degenerative joint disease and hypertenison, which he found to be severe, but not severe enough to meet or equal the requirements of any listed impairment. (*Id.*) Moreover, the Law Judge did not believe that plaintiff's allegations concerning the effects of his impairments on his ability to work were not totally credible. (*Id.*) Further, he was of the view that plaintiff retained the "residual functional capacity: to perform medium work that would not require him to lift more than 50 pounds occasionally and 25 pounds frequently, sit for longer than six hours in an eight-hour workday or stand and walk for longer than six hours out of eight. (*Id.*) Finding plaintiff's past relevant work as a material handler and a cook did not require the performance of work-related activities precluded by his residual functional capacity, the Law Judge concluded that plaintiff was not prevented from performing his past relevant work. (*Id.*) Accordingly, he found plaintiff not disabled under the Act. (*Id.*)

The Appeals Council summarily concluded that the record as a whole did not provide a basis for granting a request for review. (R.7-8.)[1] Thus, the Appeals Council denied review and adopted the Law Judge's decision as a final decision of the Commissioner. (R. 5.) This action ensued.

A reviewing court should not disturb the Commissioner's findings of fact if those findings are supported by substantial evidence; however if the Law Judge appears, without explaining his reasons, to have ignored some probative evidence a remand or reversal may be

---

[1] The record reveals that plaintiff secured representation by an attorney while the case was on administrative appeal. (R. 132.) Plaintiff's current attorney did not represent the plaintiff before the Appeals Council.

2

necessary. 42 U.S.C. § 405(g); *Laws v. Celebrezze*, 368 F. 2d 640 (4th Cir. 1966); *Hancock v. Barnhart*, 206 F.Supp.2d 757, 763 (4th Cir. 2002). Yet, a reviewing court cannot determine whether findings are supported by substantial evidence unless the Commissioner explicitly indicates the weight given to all of the relevant evidence. See, e.g., *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984); *Myers v. Califano*, 611 F.2d 980, 983 (4th Cir. 1980); *Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979). Therefore, unless the Commissioner has analyzed all evidence and has sufficiently explained the weight she has given to obviously probative exhibits, to say that her decision is supported by substantial evidence approaches an abdication of the court's "duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Arnold v. Secretary*, 567 F.2d 258, 259 (4th Cir. 1979).

Plaintiff's chief contentions before the Appeals Council was that the medical record did not contain sufficient medical data to permit an adequate assessment of plaintiff functional capacity, and that Law Judge erred by not further developing the record or securing consultative examinations in light of the fact plaintiff represented himself. (R. 12-13.) Accordingly, the question presented in this appeal is whether there is "good cause" to remand for further proceedings. 42 U.S.C. § 405(g).

What constitutes "good cause" draws beyond the boundaries of the substantive merits of the claim as presented in the record and is not constrained by whether the Commissioner's decision might have been supported by substantial evidence at the time of judicial review. *Walker v. Harris*, 642 F.2d 712, 714 (4th Cir. 1981). Further, a Law Judge has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, particularly when the claimant is not represented at the administrative level. *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986) (Citing *Walker v. Harris*, 642 F.2d 712, 714 (4th Cir. 1981); *Marsh v. Harris*,

3

632 F.2d 296, 300 (4th Cir. 1980)); *Crider v. Harris*, 624 F.2d 15 (4th Cir. 1980).

The undersigned has carefully examined the record in light of plaintiff's contentions in this case. Clearly, the Law Judge's conclusions about plaintiff's residual functional capacity, and eventually about whether jobs were available to him notwithstanding his severe impairments, were based, in significant part, on plaintiff's daily activities and the opinions of the DDS record review physicians, for, as the Law Judge observed, "there is simply no evidence to show that the claimant has any greater degree of impairment than was determined by the State Agency." (R. 21.) Interestingly, while contending that the Law Judge and Commissioner should have elicited consultative medical evidence to substantiate those final conclusions, neither plaintiff's counsel on administrative appeal nor his counsel in this court has proffered any additional medical evidence which could be veiwed as likely to have changed the Law Judge's decision had the plaintiff, *pro se*, attempted to assemble it and present it to the Law Judge. This is so despite the palse of time between the administrative proceedings and today, leaving the medical evidence essentially in the same state it was in when the Law Judge decided the case. Thus, the court is invited to speculate that a remand would produce anything different, which invitation the presiding court should decline.

In the end, the undersigned finds the final decision of the Commissioner is supported by substantial evidence, and that "good cause" has not been shown to remand the case for further proceedings. It is RECOMMENDED that an order enter AFFIRMING that final decision, GRANTING judgment to the defendant and DISMISSING this action form the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the

4

presiding District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/
U. S. Magistrate Judge

4-26-05
Date